Norgaard O'Boyle & Hannon
184 Grand Avenue
Englewood, New Jersey 07631
Telephone Number (201) 871-1333
Telecopier Number (201) 871-3161
Attorneys for Debtor
By: Brian G. Hannon, Esq. (BH – 3645)

|  |  |
|---|---|
| In Re:<br><br>**Alexis M. Heeney,**<br><br>　　　　　　Debtor. | UNITED STATES BANKRUPTCY<br>FOR THE DISTRICT OF NEW JERSEY<br>TRENTON VICINAGE<br><br>Chapter 13<br><br>Case No. 20-18954 (MBK) |

**HEARING DATE: October 6, 2020 @ 10am**

**CERTIFICATION IN RESPONSE TO THE STANDING TRUSTEE'S OBJECTION TO THE MODIFIED CHAPTER 13 PLAN**

　　　　I, Brian G. Hannon, Esq. certifies as follows:

　　　　1.　　I am a partner of Norgaard, O'Boyle & Hannon, counsel to the Debtor in the above-referenced matter. I write this certification in response to the Objection to Confirmation filed by the Standing Trustee to the confirmation of the Modified Chapter 13 Plan.

　　　　2.　　The Debtor has provided the updated insurance policies for the auto and home along with the requested E-Trade statement, the Life Insurance Statement and the HUD-1 from the sale of the Debtor's previous home. Copies of everything have been uploaded to the 13Documents website.

　　　　3.　　The bank accounts referenced in the filed objection do not match any accounts the client has provided copies of. The Debtor lists two chase accounts on her petition, but they have account numbers different than those on the trustee's objection. If the trustee is looking to different accounts, or if the numbers on the objection are inaccurate, please let us know.

4. The Pre-Confirmation Certification of Compliance had already been filed with the Court prior to the trustee's objection being filed.

5. The trustee objects to the Debtor's proposed payments stating that the Debtor is not paying all of her disposable income into the plan pursuant to either schedules I & J or Form 22c, stating that the disposable income is $574.20. This however appears to be incorrect. The Debtor's schedules I & J show a monthly surplus of $272.52 and Form 22c shows that the disposable income under 1325(b)(2) is -$19.13. The Debtor proposes a Chapter 13 payment of $250.

6. The trustee further objects stating that the Debtor fails to consider her 2019 tax refund of $1,145 when determining her disposable income. The Debtor did however note the 2019 tax refund on her schedule B and estimated same to be approximately $5,500. The Debtor consents to turning over any tax refund over $2,000 that she receives while in the Chapter 13 to the Chapter 13 trustee.

7. The further objects stating that the plan violates 11 U.S.C. § 1325(a)(4) as the unsecured creditor receive less than they would in a hypothetical Chapter 7. The trustee states that $13,978 must flow to unsecured creditor.

8. This is incorrect under the exemptions that the Debtor took, and the assets listed on the Debtor's petition. The Debtor shows exposed assets of $9,079.45 on her petition and this number can be further reduced as the 2019 tax refund was much less than anticipated, lowering from $5,500 to $1,145. As such, the exposed equity of the Debtor is $4,724.45. As the Debtor proposes $250 payments for 60 months totaling $15,000 following through her plan, even after the payment of the priority tax claim of $500 and a 10% trustee commission of $1,500, the unsecured creditors are receiving far more than they would under a hypothetical liquidation.

9. The Debtor has no objection to the trustee's standard order of distribution applying in this matter.

I certify that the foregoing statements are true. I am aware that if the foregoing statements are willfully false, I am subject to punishment.

NORGAARD, O'BOYLE & HANNON
*Attorneys for the Debtor*

Dated: September 17, 2020        By:  /s/ Brian G. Hannon, Esq.
                                              Brian G. Hannon, Esq.